# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| FREDRICK DEWAYNE ALEXANDER, | : | |
| Plaintiff, | : | |
| vs. | : | CA 20-0408-TFM-MU |
| JARRED SMALL, | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This prisoner matter has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action, without prejudice, based upon Fredrick Dewayne Alexander's failure to prosecute this action and comply with the Court's order dated August 19, 2020 (Doc. 3).

On August 17, 2020, Fredrick Dewayne Alexander filed a § 1983 complaint arising out of events on May 29, 2020 and June 2, 2020 involving Correctional Officer Jarred Small. (*See* Doc. 1 (alleging Small sexually harassed him on both dates)). Concurrent with the filing of the Complaint, Alexander filed a motion to proceed without prepayment of fees. (Doc. 2). By Order dated August 19, 2020, the undersigned determined that Plaintiff should be required to pay the statutory filing fee of $350.00 and, to this end, ordered him to pay a partial filing fee of $15.00 before this action could proceed any further. (Doc. 3, at 1-2). Alexander was advised that any "[f]ailure to comply with this order within the prescribed time will result in the dismissal of this action." (*Id.* at 2). More

specifically, Alexander was informed that "[i]f the money order is not timely received by the Clerk, the Clerk is directed to forward this action's file to the undersigned judge for dismissal for failure to prosecute and to obey the Court's order and for entry of an order requiring the appropriate agency to collect the $350.00 filing fee from Plaintiff's prisoner account in the manner prescribed by 28 U.S.C.. § 1915(b)(2)." (*Id.*) Plaintiff was ordered to pay the partial filing fee within twenty-one (21) days of the date of the Order, that is, within 21 days from August 19, 2020. (*See id.* at 2 & 3). Twenty-one days from August 19, 2020, "fell" on September 16, 2020. (*See id.*). To date, Alexander has not paid the partial filing fee of $15.00. (*See* Docket Sheet).

An action may be dismissed if a plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied,* 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007); *Wilson v. Sargent,* 313 F.3d 1315, 1331-32 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Alexander has not responded to that portion of the Court's Order dated August 19, 2020, instructing him to file a partial filing fee in the amount of $15.00. (*Compare* Docket

Sheet *with* Doc. 3). Therefore, it is recommended that Alexander's present action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by complying with this Court's lawful order dated August 19, 2020. *See Wilson, supra*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 29th day of September, 2020.

          s/P. Bradley Murray  
**UNITED STATES MAGISTRATE JUDGE**